IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-HC-2127-D

| | |
|---|---|
| NORMAN H. WILSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>D.R. STEPHENS, )<br>)<br>Respondent. ) | **ORDER** |

On July 5, 2011, Norman H. Wilson ("Wilson" or "petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1], along with a memorandum of law, which Wilson captioned as a motion for expungement of incident report [D.E. 2]. The matter is before the court for preliminary review under 28 U.S.C. § 2243. As explained below, the court denies the motion and dismisses the petition.

Wilson is incarcerated at the Federal Correctional Institution in Butner, North Carolina ("FCI-Butner"), serving concurrent life sentences for his convictions of engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848, and conspiring to distribute crack cocaine, in violation of 21 U.S.C. § 846 and a consecutive sixty-month term for his conviction of using or carrying a firearm during a drug trafficking offense, in violation 18 U.S.C. § 924(c). United States v. Wilson, 256 F.3d 217, 218–19 (4th Cir. 2001); see Pet. 1. Wilson's petition challenges a June 18, 2009 disciplinary conviction for possessing a hazardous tool (a cell phone). Pet. 1; Mot. Expunge 3. As a result of his disciplinary conviction, Wilson was sanctioned with two years' loss of phone privileges and two years' loss of visitation. Pet. 1.

Wilson challenges his disciplinary conviction in several respects, and contends that his due process rights were violated "during the initial investigation when petitioner's rights were not read to him nor was petitioner given a written copy of his rights." See Mot. Expunge 1–6. Wilson acknowledges that, at his request, he was provided with a staff representative at the disciplinary hearing and allowed to present evidence in the form of the testimony of a fellow inmate, although Wilson asserts the disciplinary hearing officer "disregarded policy as well as his duties to be impartial" in rejecting the fellow inmate's testimony as non-credible. Id. 3. Wilson seeks "to order all material relevant to the incident report to be expunged from his record." Id. 15.

Although the Supreme Court has outlined a basic set of procedural safeguards for prison disciplinary hearings, those safeguards apply when loss of statutory good-time credit is at issue. See, e.g., Wolff v. McDonnell, 418 U.S. 539, 556–57, 563–66 (1974); see also Sandin v. Conner, 515 U.S. 472, 484 (1995) ("liberty interests which are protected by the Due Process Clause . . . will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" (citations omitted)). Thus, "an inmate cannot challenge the loss of non-custodial privileges by way of a habeas petition because the loss of such privileges has only a speculative or incidental effect on the length of a prisoner's sentence and is not close to the core of habeas corpus." Lutz v. Hemingway, 476 F. Supp. 2d 715, 718–19 (E.D. Mich.) (quotation omitted), aff'd, 243 F. App'x 273 (3d Cir. 2007) (unpublished); see Hinojosa v. Thaler, 427 F. App'x 354, 355–56 (5th Cir. 2011) (per curiam) (unpublished); Grossman v. Bruce, 447 F.3d 801, 806 (10th Cir. 2006); Levi v. Holt, 193 F. App'x 172, 175 (3d Cir. 2006) (per curiam) (unpublished). Accordingly, Wilson's claim is dismissed.

2

In sum, the court DISMISSES petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1], and DENIES petitioner's motion [D.E. 2]. The court DENIES a certificate of appealability and DIRECTS the Clerk of Court to close the case.

SO ORDERED. This 31 day of January 2012.

*/s/ James C. Dever*
JAMES C. DEVER III
Chief United States District Judge